\#

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR706 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| DELONTE JOHNSON, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

During the initial sentencing hearing for Defendant Delonte Johnson, the Court was asked to determine whether Johnson qualified for safety valve relief. In order to obtain such relief, Johnson must satisfy the fifth prong of U.S.S.G. 5C1.2 which provides:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

During sentencing, the Court raised questions surrounding whether Johnson had met his burden with respect to providing such information. The Court was not satisfied with the generalized responses from the parties surrounding Johnson's proffer and suggested that a review of Johnson proffer statement and/or report would assist the Court. The Court previously employed such a mechanism in *United States v. Elmer Jones*, 5:20CR171 without issue. However, the parties appeared reluctant to provide such information to the Court, and the Court adjourned the hearing.

The Court now ORDERS that the proffer statement and/or any report that summarizes or reflects Johnson's statements be provided for review by the Court. It is unclear what basis could be used to refuse to provide this information to the Court. U.S.S.G. 1B1.8 makes clear that its "provision does not authorize the government to withhold information from the court but provides that self-incriminating information obtained under a cooperation agreement is not to be used to determine the defendant's guideline range." U.S.S.G. 1B1.8, Application Note 1.[1] The Sixth Circuit has also made clear that proffer statements cannot be withheld from the Court or court personnel. *See United States v. Jackson*, 635 F.3d 205, 209 (6th Cir. 2005)(noting that proffer statements were properly disclosed for inclusion in the presentence report). Moreover, the Second Circuit has gone as far as to hold that information included a proffer agreement that did not lead to a cooperation agreement, as is the case here, must *not only* be disclosed to the Court, but also that the Court may use such information to calculate a defendant's guideline range. *See United States v. Cruz*, 156 F.3d 366 (2d Cir. 1998). *Cruz*, like the case here, was decided specifically in the context of the evaluation of safety valve eligibility. The Court recognizes the restriction in 18 U.S.C. § 3553(f)(5)that notes that: "Information disclosed by a defendant under this subsection may not be used to enhance the sentence of the defendant unless the information relates to a violent offense." However, 18 U.S.C. § 3661 expresses that: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C.A. § 3661.

Given the above precedent, the Court finds no legal basis that would permit the parties to refuse to disclose the specific content of Johnson's proffer statement and/or report. As such, the

---

1 The Court notes that Johnson did not enter into a cooperation agreement so it is unlikely that U.S.S.G. 1B1.8 would apply in any event.

information shall be provided to chambers via email to Court staff or by hand delivery by no later than noon on January 3, 2023.

    IT IS SO ORDERED.


<u>December 27, 2022</u>                              <u> /s/ *John R. Adams*            </u>
                                                        JUDGE JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE