THE UNITED STATES DISTRICT COURT
NORTER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR706 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DELONTE JOHNSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

During sentencing in this matter, the Court determined that Defendant Delonte Johnson was ineligible for safety valve relief. This order further details the Court's denial of that relief.

Congress enacted the safety valve as a way for some of the least culpable offenders to escape certain mandatory minimum penalties. *See United States v. Barron*, 940 F.3d 903, 913 (6th Cir. 2019). If, after the government has a chance to make a recommendation, this Court finds at sentencing that the safety valve's five criteria are met, "the court shall impose a sentence pursuant to the guidelines ... without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). The statute also authorized the U.S. Sentencing Commission to promulgate Guidelines to effectuate its purposes, which are found in USSG §§ 5C1.2 and 2D1.1(b)(18) (formerly § 2D1.1(b)(17)).

The defendant bears the burden to prove by a preponderance of the evidence that he meets "each and every criterion" of § 3553(f). *Barron*, 940 F.3d at 914 (quoting United *States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996)). Whether a defendant meets the fifth

criterion "is a fact-specific" determination. *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996). This final criterion requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). This provision adds the caveat that "the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." *Id*.; *see also* USSG § 5C1.2(a)(5). With regard to this final prong, the Sixth Circuit has noted that a defendant

> must show by a preponderance of the evidence that he has truthfully provided the government "all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). This includes information about "the offense of conviction and all relevant conduct," U.S.S.G. § 5C1.2 cmt. n.3, making the safety valve's requirement "greater than the requirement for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1." *Adu*, 82 F.3d at 124. In order to satisfy the fifth criterion of the safety-valve provision, a defendant may have to do more than "merely answer[ ] all questions posed by the government." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001). The provision "clearly require[s] an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." *Adu*, 82 F.3d at 124. This includes "complete information regarding the immediate chain of distribution." *United States v. Maduka*, 104 F.3d 891, 894 (6th Cir. 1997). These "requirements reflect the fact that the safety valve 'was intended to benefit only those defendants who truly cooperate.' " *O'Dell*, 247 F.3d at 675 (quoting *United States v. Marin*, 144 F.3d 1085, 1094 (7th Cir. 1998)).
>
> Even still, a defendant is "only require[d] ... to provide the information which he possesses, regardless of whether it actually proves helpful to the government." *Maduka*, 104 F.3d at 894–95. And "[t]ypically, the individuals for whom the safety valve was directed will not have useful testimony to provide because of their relatively low position in the criminal enterprise." *United States v. Carpenter*, 142 F.3d 333, 336 (6th Cir. 1998); *see also United States v. Powers*, 194 F.3d 700, 704 (6th Cir. 1999) (noting

2

that the safety valve was enacted to provide an "escape from mandatory minimum sentences for first-time offenders whose information given to the government does not turn out to amount to 'substantial assistance'").

*United States v. Barron*, 940 F.3d 903, 917 (6th Cir. 2019).

During his initial sentencing hearings on December 1, 2022 and January 19, 2023, the Court expressed doubt that Johnson had been forthcoming about his own conduct. The Court noted that it did not appear that Johnson had ever provided detail about his drug sales beyond a generic admission that he had engaged in sales. In an attempt to remedy this shortcoming, Johnson submitted a handwritten letter claiming that he had only three customers, "John, Mo and Brittany."

This Court, however, presided over a two-week jury trial involving several of Johnson's co-defendants. Testimony during that trial and statements offered during the sentencing of still other co-defendants demonstrated beyond dispute that Johnson had not provided all of the information in his possession. Co-defendant Alexis Burrows provided information that she purchased fentanyl from Johnson on a *daily* basis. Burrows corroborated her account by providing Johnson's phone number. Jamyra Craig, another co-defendant opined that Johnson obtained his heroin from Brandon Bryant and had his own drug clientele. Co-defendant Jarred Hounshell told authorities that Johnson had once sold him five grams of heroin. Finally, co-defendant Sean Spofford told law enforcement that Johnson was frequently present when Spofford purchased heroin from Brandon Bryant.

The parties do not, and indeed cannot, dispute that Johnson did not provide *any* of the information set forth above during his proffer. Instead, the parties seek safety valve because Johnson "met us for an interview" and "answered our questions." However, the

3

Sixth Circuit has made clear that "a defendant may have to do more than "merely answer [] all questions posed by the government." *O'Dell*, 247 F.3d at 675. Not only did Johnson initially fail to go beyond answering questions, when he finally offered his own information, it was woefully incomplete.

Instead, Johnson's proffer and subsequent handwritten letter have all the hallmarks of a statement that more closely aligns with acceptance of responsibility. He effectively admitted to the conduct detailed in the indictment and offered almost no details beyond the information contained in the indictment. As such, Johnson fell well short of satisfying the fifth and final criterion set forth in 18 U.S.C. § 3553(f)(5). The Court, therefore, concluded that Johnson was not entitled to safety valve relief and sentenced him accordingly.

IT IS SO ORDERED.

April 26, 2023          /s/ Judge John R. Adams
                        JUDGE JOHN R. ADAMS
                        UNITED STATES DISTRICT COURT